IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE VILLALOBOS-REYES,          §
                                §
            Petitioner,         §
                                §
V.                              §          No. 3:15-cv-657-B-BN
                                §
UNITED STATES OF AMERICA,       §
                                §
            Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Movant Jose Villalobos-Reyes, after pleading guilty to one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2), was sentenced to 75 months' imprisonment on April 11, 2013. He timely noticed an appeal on April 22, 2013. And, after considering his appellate counsel's motion to withdraw and brief filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), to which no response was filed, the United States Court of Appeals for the Fifth Circuit determined that there were no nonfrivolous issues for appellate review, granted the motion to withdraw, and dismissed the appeal

-1-

on April 11, 2014.

Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [Dkt. No. 1], filed on February 23, 2015, is his first such motion and appears to be timely. *See* 28 U.S.C. § 2255(f). In it, Movant presents a single ground for post-conviction relief: that the Court erred in its calculation of his guideline sentence. *See* Dkt. No. 1 at 5. He argues that, because the Court's determination of his Total Offense Level is in error, the upper end of his guideline range should only be 63 months. *See id.*

As explained below, however, the single issue that Movant raises is both not cognizable in a Section 2255 motion and without merit. Therefore, because "it plainly appears from the motion ... that the moving party is not entitled to relief," the undersigned now concludes that the motion should be summarily dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## Legal Standards and Analysis

The United States Court of Appeals for the Fifth Circuit

> has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.' " *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone" – the sole claim presented in this Section 2255 motion – "is not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13-cv-3542-L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014).

And, even if it was proper to consider Movant's sentencing guidelines claim now, it is without merit.

The Court increased his Base Offense Level of 8 by 16 points because he had both a drug trafficking offense for which the sentence imposed exceeded 13 months and a human trafficking offense and because he received criminal history points for both convictions. *See United States v. Villalobos-Reyes*, No. 3:12-cr-346-B (N.D. Tex.), Dkt. No. 17-1, PSR, at 6-8, ¶¶ 15, 28, & 30. Movant appears to argue that he should have received only a 12-point enhancement. *See* Dkt. No. 1 at 5. But, because he properly received criminal history points for these convictions, the then-applicable sentencing guidelines (effective November 1, 2012) called for an "increase [of] 16 levels." U.S.S.G. § 2L1.2(b)(1)(A) (further noting that a 12-point increase is only for a qualifying conviction that "does not receive criminal history points").

## Recommendation

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE